IN RE DISQUALIFICATION OF CORRIGAN: THE STATE OF OHIO *v.* LONARDO ET AL.

[Cite as In re Disqualification of Corrigan (1989),
47 Ohio St. 3d 602.]

(No. 88-AP-096—Submitted and decided January 20, 1989.)

MOYER, C.J. The affidavit of disqualification herein was filed by Elmer A. Giuliani and Robert J. Rotatori, counsel for the defendants Angelo F. Lonardo and Leonard J. Yelsky, respectively. The affidavit seeks the disqualification of Judge Michael J. Corrigan on three grounds, which may

be summarized as follows: (1) Judge Corrigan will likely be a witness in the trial of this case; (2) Judge Corrigan "plays a central role in the evidence and theory of prosecution"; and (3) Judge Corrigan is the son of the Cuyahoga County Prosecuting Attorney, who is personally involved in matters relating to the investigation and prosecution of the case.

In his response, Judge Corrigan states that he is not a material witness to the case and has not been contacted to be a witness by either the prosecution or the defense. Further, Judge Corrigan states that any information he may have "is a matter of public record reflected by entries or available by transcript." Finally, Judge Corrigan indicates that he is not privy to any matters outside the record, will not be affected by any statements made by the prosecutor, and that Prosecuting Attorney John T. Corrigan will not personally prosecute this case.

In addition, the affiants state that a "majority of the judges of the Cuyahoga County Court of Common Pleas have been, and will be, referred to in connection with the prosecution of" these defendants, and therefore a judge from outside the county is requested. Affiants allege that at least twenty-four current and two former judges of that court were mentioned in an earlier related trial, and that some of the judges will likely be called as witnesses by the defense, others by the prosecution.

Judge Corrigan states that affidavits of disqualification were filed against the judges who presided in three companion cases, and that the affidavits were dismissed. However, those affidavits did not seek disqualification on the grounds that the respective trial judges were potential witnesses or were likely to be referred to in trial testimony.

The allegations contained in the affidavit do not support a finding that Judge Michael J. Corrigan could not preside fairly and impartially in the trial of this matter. The mere suggestion that Judge Corrigan may be a witness is not dispositive, and there is insufficient evidence to support the claim that Judge Corrigan plays a "central role" in the prosecution of the case. Further, disqualification is not warranted solely because Judge Corrigan is the son of the duly elected prosecuting attorney of this large metropolitan county.

However, it is not possible to determine, at this time, whether the representations of counsel for defendants will materialize. In view of the nature of the charges involved, the importance of avoiding further delay in the disposition of the charges against the defendants, the importance of avoiding even the appearance of any prejudice or partiality, and to maintain the public's confidence in the integrity of the judicial system, it is ordered that Judge Michael J. Corrigan and all other judges of the Cuyahoga County Court of Common Pleas participate no further in these proceedings. I will assign a visiting judge from outside Cuyahoga County to preside in this matter.